**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-2697

_____

WILFREDO QUINONES-VELAZQUEZ;
ELIZABETH MADRID HENAO,
                                        Appellants

v.

JAMES PETER MAROULIS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-01678)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2017

Before: FISHER**, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed:  February 3, 2017)

_____

OPINION*

_____

PER CURIAM

        Plaintiffs and appellants Wilfredo Quinones-Velazquez and Elizabeth Madrid

_____

** Honorable D. Michael Fisher assumed senior status on February 1, 2017.
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Henao appeal from the District Court's order dismissing their amended complaint for failure to satisfy the amount in controversy required for diversity jurisdiction. We will vacate and remand for further proceedings.

I.

Plaintiffs allege that Quinones-Velazquez is a citizen of the United States residing in Pennsylvania, that Henao is a citizen of Colombia residing in that country, and that they are married under Colombian law. Plaintiffs filed a counseled amended complaint against James Peter Maroulis, a lawyer whom they retained in Pennsylvania in order to secure Henao's entry into the United States to live with Quinones-Velazquez.

Plaintiffs claimed that they gave Maroulis a $350 deposit toward his services together with various official translations and other documents necessary to provide to immigration officials. Plaintiffs further claimed that Maroulis later left for California without doing any work on their case, refused to return their deposit, and either lost or converted documents contained in their file. On the basis of these allegations, plaintiffs asserted multiple state-law causes of action, including claims for conversion, legal malpractice, breach of fiduciary duty, loss of consortium, and fraud under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

Plaintiffs demanded approximately $90,752 in compensatory damages. In particular, plaintiffs claimed entitlement to: (1) $8,350 for their deposit and the expense of reconstructing and processing their file; (2) $20,000 in lost wages and $60,000 in non-economic damages arising from Henao's inability to come to the United States and

2

plaintiffs' inability to live together as a married couple; and (3) approximately $7,750 in attorney's fees under the UTPCPL. Plaintiffs also demanded treble damages under the UTPCPL and punitive damages on their other tort claims.

Maroulis filed a motion to dismiss the amended complaint under Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. He argued, inter alia, that the District Court lacked diversity jurisdiction because plaintiffs' claims did not place more than $75,000 in controversy as required by 28 U.S.C. § 1332(a). The District Court agreed and dismissed the amended complaint on that sole basis. Plaintiffs appeal pro se.[1]

II.

A plaintiff's burden of satisfying the amount in controversy required for diversity jurisdiction "is not especially erroneous." Auto-Owners Ins. Co. v. Steven & Ricci Inc., 835 F.3d 388, 395 (3d Cir. 2016). In assessing the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. (emphasis added) (quotation marks omitted).

We will vacate and remand because the District Court misapplied the legal certainty test in three respects. First, the District Court subtracted from plaintiffs' demand their claims for (1) $20,000 in economic damages and $60,000 in non-economic

_____

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint for lack of jurisdiction. See Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997).

3

damages, and (2) attorney's fees and treble damages under the UTPCPL. The District

Court appears to have done so primarily on the ground that plaintiffs' claims for loss of

consortium and for fraud under the UTPCPL lack substantive merit. That is not the

proper inquiry. As we have explained:

> [T]he question whether a plaintiff's claims pass the "legal certainty"
> standard is a threshold matter that should involve the court in only minimal
> scrutiny of the plaintiff's claims. The court should not consider in its
> jurisdictional inquiry the legal sufficiency of those claims or whether the
> legal theory advanced by the plaintiff is probably unsound; rather, a court
> can dismiss the case only if there is a legal certainty that the plaintiff cannot
> recover [the jurisdictional amount].

Suber, 104 F.3d at 583. Thus, "the 'threshold to withstand a motion to dismiss under

Fed. R. Civ. P. 12(b)(1) is . . . lower than that required to withstand a Rule 12(b)(6)

motion.'" Id. (quoting Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989)). Under

the Rule 12(b)(1) standard, a claim fails to invoke the District Court's jurisdiction only if

it is "wholly insubstantial and frivolous." Lunderstadt, 885 F.2d at 70 (quotation marks

omitted).

In this case, the District Court concluded that plaintiffs could not recover on their

claim for loss of consortium because they failed to plead a physical injury, which it

concluded was an essential element of the claim. The District Court also concluded that

plaintiffs could not recover on their UTPCPL claim because UTPCPL claims against

attorneys are barred as a matter of Pennsylvania law. Plaintiffs, however, raised what

appear to be colorable arguments on these points in their brief in opposition to Maroulis's

4

motion to dismiss. The District Court did not address those arguments and did not otherwise conclude that these claims are wholly insubstantial and frivolous.[2]

Second, even if plaintiffs could not recover $20,000 in economic damages and $60,000 in non-economic damages on their claim for loss of consortium, the District Court did not address whether such damages might be available on other claims. Pennsylvania law generally permits the recovery of both economic and non-economic consequential damages for intentional torts. See Mest v. Cabot Corp., 449 F.3d 502, 519 (3d Cir. 2006); Delahanty v. First Pa. Bank, N.A., 464 A.2d 1243, 1257-58 (Pa. Super. Ct. 1983). Plaintiffs asserted intentional tort claims for which they also requested in excess of $75,000 in damages. The District Court did not address whether the $20,000 and $60,000 amounts are recoverable as consequential damages on those claims, let alone conclude that such recovery is a legal impossibility.[3]

Finally, the District Court, having whittled plaintiffs' demand for compensatory damages down to $8,350, concluded that their demand for punitive damages could not push the amount in controversy over the jurisdictional threshold. The District Court noted that plaintiffs would require an award of over $66,650 in punitive damages to

---

[2] In addition to concluding that plaintiffs' claim for loss of consortium lacks merit, the District Court also concluded that plaintiffs cannot recover for purely emotional damages on that claim. Assuming without deciding that that conclusion is correct, plaintiffs sought more than emotional damages on that claim, and emotional damages may be available on other claims as discussed below.

[3] The District Court referred in passing to the $20,000 component of these damages as "speculative," but it did not conclude that plaintiffs are legally certain to fail in

5

"bridge the jurisdictional gap." The District Court then invoked the principle that, "when it appears that . . . a claim [for punitive damages] comprises the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the purposes of conferring jurisdiction, that claim should be given particularly close scrutiny." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993). The District Court concluded that a claim for $66,650 in punitive damages did not survive such scrutiny, apparently because the District Court viewed it as excessive in relation to $8,350 in compensatory damages.

Plaintiffs' claim for $8,350 was not necessarily the proper starting point for this analysis as explained above. Even if it were, the District Court's analysis was otherwise deficient. A claim for punitive damages must be considered in determining the amount in controversy unless the claim is "patently frivolous and without foundation." Packard, 994 F.2d at 1046 (quotation marks omitted). In Packard, we concluded that plaintiffs' claims for punitive damages were patently frivolous because punitive damages were not available as a matter of state law. See Packard, 994 F.2d at 1046, 1048. In this case, it would appear that punitive damages are available on at least some of plaintiffs' tort claims. See Delahanty, 464 A.2d at 1262. The District Court did not conclude otherwise.

Instead, the District Court stated merely that plaintiffs' claim for punitive damages did not withstand the "particularly close scrutiny" to which we also referred in Packard, apparently because it regarded the claim as excessive. The District Court did not explain

recovering any or all of it for that reason.

why.  In their filings below, plaintiffs relied on Pennsylvania law in arguing that several factors could produce an award of punitive damages in a jurisdictionally sufficient amount.  Those factors included Maroulis's alleged status as a fiduciary who took advantage of clients whom he knew had a limited understanding of English and were otherwise vulnerable.  The District Court did not address those arguments or provide any other reason for concluding to a legal certainty that plaintiffs' claim for punitive damages could not satisfy the jurisdictional amount.

## III.

For these reasons, we will vacate the judgment of the District Court and remand for further proceedings.  We express no opinion on whether plaintiffs' claims in fact satisfy the amount-in-controversy requirement, and we leave it to the District Court to revisit that issue if and when appropriate on remand.  We also express no opinion on the merits of plaintiffs' claims or their ultimate ability to recover any of the damages addressed herein.  Maroulis's motion for leave to file a supplemental appendix, to the extent that he seeks to supplement the record on appeal, is denied.[4]

---

[4] Maroulis notes that, after the District Court dismissed plaintiffs' action, they filed a virtually identical action in the Pennsylvania Court of Common Pleas for Berks County. Maroulis has included the docket sheets for that action in his supplemental appendix. Maroulis, however, has not raised any argument based on the pendency of that action, let alone any argument that we might entertain in the first instance.  The District Court can consider the effect of the state-court action if and when appropriate on remand.  Maroulis also has not asked that we affirm on any alternative ground or raised any of the other arguments (including other jurisdictional arguments) that he raised below.  The District Court can address those arguments if and when appropriate on remand as well.